FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 AUG -9 PM 4:23
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHERRY MICHELLE MILLS,

    Plaintiff,

v.                             CASE NO. CV413-044

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## O R D E R

Before the Court is the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (Doc. 17) and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 20). For the following reasons, Plaintiff's motions are **GRANTED**. Upon receipt of both payments, counsel for Plaintiff is **DIRECTED** to remit the lesser of the two fees directly to Plaintiff.

I. FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Court has carefully considered the application for attorney's fees and costs and finds that Plaintiff meets the requirements set forth in Jean v. Nelson, 863 F.2d 759, 765 (11th Cir. 1988) (holding that to recover attorney's fees "(1) the litigant opposing the United States must be a prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no circumstances

that make an award against the government unjust.") Accordingly, Plaintiff is **AWARDED** the requested $6,084.46 in attorneys' fees and $350 in costs.[1] Upon the entry of this order, the Commissioner will determine whether Plaintiff owes a debt to the government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711, 3716. If Plaintiff owes such a debt, the fee award will be applied towards its settlement and the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail the check to Plaintiff's counsel. If Plaintiff does not owe such a debt, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

II. FEES UNDER 42 U.S.C. § 406(b)

Counsel for social security plaintiffs may also be awarded contingency fees pursuant to 42 U.S.C. § 406(b).[2] As § 406(b) fees stem from a grant of past-due benefits, the Court may authorize payment of "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such

---

[1] The Government noted that "Plaintiff's counsel has acceded to Defendant's request that the fee of $200.00 paid for the application to appear pro hac vice not be paid as a cost." (Doc. 18 at 1.) Accordingly, the Court does not grant Plaintiff's request as to the pro hac vice fee.

[2] The Court notes that counsel filed their request for fees pursuant to § 406(b) within fifteen days of the Commissioner announcing his finding of past-due benefits. See Brown v. Astrue, 2014 WL 4928880, *3 (S.D. Ga. 2014).

2

judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1276 (11th Cir. 2006). Attorneys seeking to recover on such fees must petition the Court for approval regardless of whether there is a written agreement between counsel and Plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Accordingly, "courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (citing Gisbrecht, 535 U.S. at 808).

The Court notes that the requested fee is not greater than twenty-five percent of Plaintiff's past-due award, as required by statute. Moreover, there is no evidence of fraud or overreaching by Counsel in making the contingency fee contract with Plaintiff. A reward of fees in this case would represent a de facto hourly rate of $497, which the Court finds reasonable. See Thomas v. Astrue, 2010 WL 339787, *3 (M.D. Ga. Jan. 21, 2010) (approving hourly rate of $500). The fee is also reasonable in light of the fact that counsel's briefs resulted in reversal, remand, and an award of significant value for Plaintiff. Based on the Court's review of the record in this case and there being no opposition by the Commissioner, counsel for Plaintiff is **AWARDED** the requested $16,203.75. However, the

3

law is clear that if both fees under the EAJA and fees under § 406(b) are awarded, the attorney must remit the smaller fee to the claimant. Gisbrecht, 535 U.S. at 1822. Accordingly, upon receipt, counsel for Plaintiff is **DIRECTED** to remit the lesser of the two fees directly to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are **GRANTED**. Upon receipt of both payments, counsel for Plaintiff is **DIRECTED** to remit the lesser of the two fees directly to Plaintiff.

SO ORDERED this 9th day of August 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4